UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRADLEY SMITH,

    Plaintiff,

    v.     CAUSE NO.: 3:18-CV-644-JD-MGG

INDIANA STATE OF, et al.,

    Defendants.

ORDER

Bradley Smith, a prisoner without a lawyer, filed a complaint alleging he was injured while using exercise equipment at the Indiana State Prison. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Smith names the State of Indiana as a defendant. However, the Eleventh Amendment generally precludes a citizen from suing a State or one of its agencies or departments in federal court. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). There are three exceptions to Eleventh Amendment immunity: (1) suits directly against the State based on a cause of action where Congress has abrogated the state's immunity

from suit; (2) suits directly against the State if the State waived its sovereign immunity; and (3) suits against a State official seeking prospective equitable relief for ongoing violations of federal law. *MCI Telecommunications Corp. v. Ill. Commerce Comm'n*, 183 F.3d 558, 563 (7th Cir. 1999). None of these exceptions apply here. Congress did not abrogate the States' immunity through the enactment of Section 1983. *Joseph v. Bd. of Regents of Univ. of Wis. Sys.*, 432 F.3d 746, 748 (7th Cir. 2005). Indiana has not consented to this lawsuit. And Smith is only seeking monetary damages based on past events. Therefore, the State of Indiana must be dismissed.

Smith names Attorney General Curtis Hill as a defendant. Smith alleges he denied a notice of tort claim. However, the denial of a tort claim does not give rise to an independent cause of action. *Cf. George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."). Therefore, Curtis Hill must be dismissed.

Smith names Acting Warden Ronald Neal as a defendant. However, he does not allege Neal had any involvement with the claims raised in this case. There is no general *respondeat superior* liability under 42 U.S.C. § 1983. "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Therefore Ronald Neal must be dismissed.

Smith names Recreation Officer M. Hubbard as a defendant. He alleges he was responsible for improperly maintaining the exercise equipment which broke and caused

his injuries. The Eighth Amendment requires prison officials "must provide humane conditions of confinement . . . and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). However, a prison official is liable under the Eighth Amendment only if he "knows of and disregards an excessive risk to inmate health or safety." *Id.* at 837. Conditions of confinement must be severe to support an Eighth Amendment claim; "the prison officials' act or omission must result in the denial of 'the minimal civilized measure of life's necessities." *Id.* at 834. The Eighth Amendment only protects prisoners from conditions that "exceed contemporary bounds of decency of a mature, civilized society." *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992). In other words, "[a]n objectively sufficiently serious risk is one that society considers so grave that to expose any unwilling individual to it would offend contemporary standards of decency." *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004) (quotation marks and citations omitted).

In *Gray v. McCormick*, 281 Fed. Appx. 592 (7th Cir. 2008), a prisoner was injured when a loose shower seat fell and struck his foot. Prison officials had known of the loose seat for at least two weeks prior to the incident, and had not informed inmates of the hazard. *Id.* at 593. The court held that the faulty shower seat did not create a substantial risk of serious harm. Here, Officer Hubbard is not alleged to have known the exercise equipment was broken or even dangerous. He is only alleged to have improperly maintained it. This does not state a claim and Officer Hubbard must be dismissed.

Smith alleges he has not received adequate medical treatment for his injuries. However he has not provided facts explaining why he believes his treatment was inadequate. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Neither does Smith say whom he has told about his medical needs or which healthcare providers have denied him medical treatment. Rather he alleges Administrative Director Dawn Nelson Odel of Corizon Health Services and Administrative Director Sherry Fritter of Wexford of Indiana, LLC, have not given him copies of his medical records. However, denying him copies of medical paperwork did not deny him medical treatment. Therefore Administrative Directors Odel and Fritter must be dismissed.

This complaint does not state a claim, but it is possible Smith could state a claim if an individual medical provider was deliberately indifferent and denied him medical treatment. If that has happened, he may file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). To do so, Smith needs to get a Prisoner Complaint (INND Rev. 8/16) form from the prison law library. He needs to put this cause number on it. He needs to name the individual medical staff whom he has told about his need for medical treatment. He needs to explain what treatment he has been provided by anyone for his injuries. He needs to explain why the defendant's response was deliberately indifferent. He needs to explain how the medical decisions made by the defendant was a substantial departure from professional judgment, practice, or standards. *See Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008).

For these reasons, the court:

(1) DISMISSES State of Indiana, Curtis T. Hill, Ronald Neal, M. Hubbard, Dawn Nelson Odel, and Sherry Fritter;

(2) GRANTS Bradley Smith until **December 28, 2018**, to file an amended complaint; and

(3) CAUTIONS Bradley Smith if he does not respond by the deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim.

SO ORDERED on December 3, 2018

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT